FILED
U.S. DISTRICT COURT

2019 APR 24 ᗡ 4: 18

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

Paul Kenneth Cromar,
Barbara Ann Cromar,
    Plaintiffs,

    v.

UNITED STATES OF AMERICA,
WILLIAM P. BARR, DOJ
  ATTORNEY GENERAL;
RYAN S. WATSON,
NANCY K PHILLIPS,
R. A. MITCHELL,
WANDA I. MANLEY,
JOAN FLACH
or JOAN FLACK;
ROBERT J. SHELBY,
    Defendants.

Case No.: 2:19-cv-00255-BCW

MOTION TO REMAND
TO STATE COURT

## MOTION TO REMAND TO STATE COURT

Comes now, Plaintiffs Paul Kenneth: Cromar and Barbara Ann: Cromar, *pro se*, who hereby timely file this *Motion To Remand to State Court* pursuant to 28 U.S.C. § 1447(c), in response to the *Notice of Removal* of action submitted for defendants allegedly pursuant to 28 U.S.C. §§ 1441(a), 1442(a) and 1446, by counsel, the United States Justice Department.

The named defendants are not entitled to a removal to federal court in this action, (from the Fourth Judicial District Court for Utah County, Provo Department, State of Utah), because there was no federally judiciable allegation, issue, or basis at law alleged in the plaintiffs'

1

Motion to Remand to State Court

*Complaint* for the federal court to litigate. The plaintiffs' *Complaint* in the Utah state court was based entirely on the application of the laws of the state of Utah and the constitutional *Rights* of the plaintiffs secured under the Constitution of the State of Utah, that have been blatantly and intentionally **violated** by the defendants actions and by their conspiracy to unlawfully and unconstitutionally *convert* private property in the State of Utah under the *guise* and *pretense* of federal taxation, in the *name of tax* only, under *color of law* through *color of office*.

As such, the defendants have **NO** valid *statutory* or *constitutional* <u>defenses</u> under the clauses of the United States Constitution [and its Amendments] **or** the statutes of the United States Code, which absolutely control the *limited* legal authority of the defendants to lawfully act within their federal employment offices in the pursuit of the enforcement of lawful, authorized federal taxation, which *limited* authorities have been **irrefutably violated**. (*i.e.*: The defendants have **not acted** *lawfully* under the *constitutionally* <u>enforceable</u> taxing authorities of Article I, Section 8, clause 1, to enforce a lawful and *constitutionally* authorized *Impost, Duty or Excise* tax as provided under that clause of the Constitution and the I.R.C. statutes.

Therefore, having acted in **blatant violation** of all of the controlling federal statutes, under a *guise* and *pretense* of authority, and without any real legal authority to act against the plaintiffs, their property or their residency within their own, ***unseized*** home in the state of Utah, the defendants have no federal defenses available to them to invoke in this federal court against the claims of the blatant violations of law; the clear violations of the limits of legal authority; and blatant violations by the named defendants of the constitutionally secured and protected *Rights* of the Plaintiffs under Utah law and Constitution; - to be sufficient for the district court to authorize a removal of the *Complaint* from the Utah state court, to the federal district court, - as no federal employee is authorized **to *forge*** another person's signature on a *Notice of Federal Tax Lien* in order to unlawfully *convert* private property in the state of Utah **by FRAUD,** as has been repeatedly perpetrated by the named Defendants.

Motion to Remand to State Court

The defendants' cite in the *Notice of Removal* of Title 28 U.S.C. Section 1340 as an applicable authority, is legally defective and is **not** applicable as there is **no** constitutional grant of authority made to Congress under the 16th Amendment to write law to either lay or enforce a ***direct*** *unapportioned* tax against the plaintiffs, as has been unlawfully *practiced* by the defendants under *color of office*. The *direct* and *unapportioned* taxation of the American people (citizens) is in fact still **twice prohibited** under extant Article I provisions. Therefore, in this action there is **no** *direct* and *unapportioned* "internal revenue" tax that **exists in the constitutional law** for the federal court to collect or enforce; and there is no claim of any *Impost, Duty* or *Excise* tax that is alleged owed by the Plaintiffs to lawfully pursue. The federal district Court therefore plainly and clearly ***lacks*** a properly and fully-granted granted *subject-matter jurisdiction* that it may take over the action under Title 28 U.S.C. Section 1340 for lack of any constitutional "internal revenue" tax that exists in the action.

The Defendants' cite in its *Notice of Removal* of Title 28 U.S.C. Section 1346 as an applicable authority, is also legally defective, and is **not** applicable as no named defendant can demonstrate that they have ever acted lawfully as an employee of the federal government's I.R.S. acting **within the scope of statutory authority** actually conferred upon their employment "office" (employment "office" or "position" or "Title" in the IRS) under Title 26 U.S.C. Section 7608(a); which statutory authorities they have **blatantly exceeded,** and thereby **violated**. The federal district Court ***lacks*** jurisdiction under Title 28 U.S.C. Section 1346 for lack of any statutory authority under IRC Section 7608(a) that exists for the defendants to claim any legal authority under as federal employees, to give them legal foundation to a lawful invocation of Section 1346.

Defendants' cite in its *Notice of Removal* of Title 26 U.S.C. Section 7402 as an applicable authority, is also legally defective and is **not** applicable as Section 7402 confers no legal authority to the courts over a **VOID** judgment, which is the case in this action, as no valid, fully and properly *constitutionally* granted, *subject-matter jurisdiction* of the federal district court was EVER identified or taken by the court on the record of the action in the court, in rendering its judgment without making the identification of any specific constitutional

3

authority or specific taxing power providing the *subject-matter jurisdiction* of the court that was taken over the claims made.  The federal district court **lacks** jurisdiction under the 16th Amendment and Title 26 U.S.C. Section 7402 to enforce claims for money fraudulently alleged as *tax*, for lack of any granted *subject-matter jurisdiction* that can be taken by the court thereunder for **want** of an *enabling enforcement clause* in that Amendment.  Further the named defendants are factually shown herein to be acting in knowing and intentional blatant violation of the constitutional limitations that control and limit the true power of all of the defendants to act against the Plaintiffs in the *name of tax*, or to enforce the powers of taxation that are constitutionally granted.

Further defendants lack lawful federal authority at law, and *lacks* a constitutionally granted *subject-matter jurisdiction* of the federal district court that can be identified and taken, that is properly and fully granted by the U.S. Constitution, to allow the enforcement of a *direct unapportioned* tax, and taxation, on the plaintiffs without limitation; - and therefore *subject-matter jurisdiction* **cannot** be lawfully taken by a federal judge over any civil action brought by the United States in the district court to enforce an *allegedly direc*t and *unapportioned* tax on the plaintiffs; which claims have been based on a fraudulent and falsely alleged authority to tax *We the People directly* and **without** limitation of any kind, under authority of the 16th Amendment.  No such claim is true.  The accused defendants have conspired to effect and attempt to enforce said **fraudulent** claims without true legal authority to do so.

As there are no federal statutory defenses to the claims presented in the Plaintiffs' *Complaint*, the defendants are therefore **not** entitled to either the removal of the action from State court to the federal district court under the statutes cited, for *lack* of a *granted subject-matter jurisdiction* of the federal district court that may be lawfully taken over a "*direct taxation*" claim made against an individual American citizen; and the Defendants are also **not** even entitled to legal representation in this action by the United States attorneys of the Department of Justice, for lack of a legal standing of the United States to **either** represent in court those employees who have clearly acted outside the scope of the actual conferred authority of their granted employment office; **or,** *communistically* enforce the *direct* and *unapportioned*

4

Motion to Remand to State Court

taxation of citizens outside of, and in place of, the granted, enforceable, *indirect* taxing authorities of Article I, Section 8, clause 1; *i.e.*: the authority to tax by *Impost, Duty, or Excise*.

## I. RELEVANT PROCEDURAL HISTORY.

This action was commenced as a state action in the District Court of Utah County, Utah, styled as a *Complaint for Violations of Constitutional Rights* (alleged committed through the commission by the defendants of the crimes of *Fraud, computer fraud, and Forgery, etc.*), which entitled the Plaintiffs under the District Court Rules of the Court of the Utah County District Court, to a **trial by jury** in the State court to address the allegation of *Violations of Constitutional Rights*, and fraud, computer fraud, and forgery in regards to the unlawfully *forged Lien* documents recorded within the land records office in Utah County, Utah. **A plaintiff chooses his litigation forum, not the defendant.**

Defendants were all properly served.

Notice of Appearance was **not** properly made by defendants in the state court of Utah. On **April 16, 2019,** defendant United States filed a *Notice of Removal of Action* allegedly pursuant to Title 28 U.S.C. § 1441(a) and 1442(a).

Plaintiffs did not received a "*Notice to Adverse Party of Removal to Federal Court*" prior to the removal. Plaintiffs did not receive *Notice* **from all named defendants**.

## II. REQUIREMENTS OF 28 U.S.C. §§ 1446 AND 1447.

28 U.S.C. § 1446 provides, in pertinent part:

Motion to Remand to State Court

**(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However Title 28 U.S.C. § 1447 provides, in pertinent part:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This *Motion for Remand* has been filed within thirty days of removal; all procedural and jurisdictional objections are timely.

## III.  LEGAL STANDARDS GOVERNING REMOVAL.

As a general rule, an action is removable to a federal court only if it might have been brought there originally.  28 U.S.C. §§ 1441(a).  Federal removal jurisdiction is statutory in nature and is to be strictly construed. *Archuleta v. Lacuesta,* 131 F.3d 1359, 1370 (10th Cir.1997) (citing *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The party seeking removal bears the burden to prove the existence of federal subject matter jurisdiction. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir.2005) (applying burden of proof in diversity jurisdiction case); *Meinders v. Refco Securities, Inc.*, 865 F. Supp. 721, 723 (D. Colo. 1994) (a party seeking removal based on a federal question regarding

6

jurisdiction bears the burden of proof as to federal jurisdiction). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed **against** removal jurisdiction. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)." *Prize Frize, Inc v Matrix Inc.* 167 F.3d 1261, 1265 (9th Cir. 1999).

Because of the strict statutory construction standards of federal removal jurisdiction, any doubts as to whether a case is removable should be resolved in favor of a remand to state court. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Meinders*, 865 F. Supp. at 723 ("Title 28 U.S.C. § 1331 should be construed strictly and all doubts should be resolved in favor of state court jurisdiction.")

Because removal may oust a state court of jurisdiction over its own affairs: "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the (removal) statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, *supra*.

### A. Federal Question Must be Disclosed Upon the Face of the Complaint; Plaintiffs are the Master of the Complaint and May Eschew Federal Claims.

Where, as here, federal jurisdiction is alleged to arise as a result of a "federal question," the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936) (noting that the federal question cannot be "merely a possible or conjectural one"). Thus the rule enables the plaintiffs, as "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004).

The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiffs' properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369-70 (4th Cir. 2001), citing *Merrell Dow*

7

*Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). The Complaint in this matter asserts no federal claims.

In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996), the Ninth Circuit wrote:

> Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so. See *Pan American Petro. Corp. v. Superior Court*, 366 U.S. 656, 662-63, 81 S.Ct. 1303, 1307-08, 6 L.Ed.2d 584 (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon") (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed. 716 (1913)). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); see also *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

The Ninth Circuit held in *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 933-34 (9th Cir. 1994):

> Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); accord *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988).

**B. In Absence of Federal Subject Matter Jurisdiction Case will be Remanded; Remand Cannot be Waived, nor Federal Jurisdiction Created by Stipulation of Parties.**

The right to secure a remand of the action to state court when there is no federal subject matter jurisdiction basis for removing the action to a federal court cannot be waived by either party. *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931 (9th Cir. 2003), as amended in other respects 350 F.3d 916, cert. denied 124 S.Ct. 2162, 541 U.S. 1041, 158 L.Ed.2d 730 (2004). Nor may parties confer jurisdiction over the subject matter of an action on a federal court by consent. *Parks v. Montgomery Ward & Co.*, 198 F.2d 772 (10th Cir. 1952); *Office of Hawaiian Affairs v. Department of Education,* 951 F.Supp. 1484 (D. Hawaii 1996).

8

**C. The Court Must Satisfy Itself that Federal Subject Matter Jurisdiction is Proper Before Making Rulings on the Merits.**

The district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiffs' complaint for failure to state a claim upon which relief may be granted.  See, e.g., *Akhlaghi v. Berry*, 294 F.Supp.2d 1238 (D. Kan. 2003) (remanding, concluding it better practice to rule on motion to remand before motion to dismiss for failure to state a claim); *Thompson v. Fritsch*, 966 F.Supp. 543 (D. Mich.1997) (must establish removal jurisdiction before granting summary judgment); *Ren-Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370 (D. La.1997) (must determine subject matter jurisdiction before personal jurisdiction or venue);  *National Union Fire Ins. Co. v. Liberty Mutual Ins. Co.*, 878 F.Supp.199 (D. Ala.1995). This Court should correctly defer all consideration of any pending Motions to Dismiss until removal jurisdiction can be, and has been, properly established.

If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court. 28 U.S.C. § 1447; see, e.g. *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Because the existence of federal subject matter jurisdiction is a constitutional requirement, there is substantial case law[1] to the effect that the district court may remand a removed case in which the lack of subject matter jurisdiction is discovered at any time prior to the entry of judgment. 28 U.S.C. § 1447.  Although this motion is filed within thirty days to preserve procedural objections, any issues respecting jurisdictional infirmities remain open for consideration until entry of judgment.

---

[1]  *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 519 U.S. 61, 136 L.Ed.2d 437 (1996) (Ginsburg, J.); *Avitts v. Amoco Production Co.*, 53 F.3d 690 (5th Cir. 1995) (vacated and remanded at appellate level); *Casas Office Machs.*, ( remand may be raised on appeal).

Motion to Remand to State Court

### D. The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal, Not the Party Seeking Remand to State Court.

It is also well-settled under the case law that **the burden is on the party seeking to preserve the district court's removal jurisdiction** (here defendant United States), **not the party moving for remand** to state court (here, Plaintiffs), to show that the requirements for removal have been met.[2] *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. *Ethridge v. Harbor House Rest.* 861 F.2d 1389, 1393 (9th Cir. 1988).

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); see also, *Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981).

### E. Removal Jurisdiction Cannot be Maintained Where the Federal Question is "Collateral," "Merely Possible," or "Attenuated"; The Federal Question Must be "Direct and Essential".

---

[2]  See, e.g., *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996); *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996); *Office of Hawaiian Affairs v. Department of Educ.,* , 951 F.Supp. 1484 (D. Haw. 1997); *Schwartz v. FHP International Corp.*, 947 F.Supp. 1354 (D. Ariz.1996); *Lavadenz de Estenssoro v. American Jet*, S.A., 944 F.Supp. 813 (D. Cal.1996).

Motion to Remand to State Court

Courts have articulated a number of formulations to determine whether a state claim depends on the resolution of a federal question to such an extent as to trigger subject matter jurisdiction. Is the federal question "basic" and "necessary" as opposed to "collateral" and "merely possible?" *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 81 L. Ed. 70, 57 S. Ct. 96 (1936). Is the federal question "direct and essential" as opposed to "attenuated?" *Smith v. Grimm*, 534 F.2d 1346 at 1346, 1350-51 (9th Cir. 1976).

It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1044-1045 (9th Cir. 2003).

In *Merrell Dow Pharmaceuticals, Inc. v. Thompson* the Supreme Court determined that a federal issue was not substantial enough to confer jurisdiction when the complaint relied on a federal statute as an element of a state cause of action, but the federal statute conferred no private cause of action. 478 U.S. 804, 817 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the constitution, laws, or treaties of the United States.'"). While Plaintiffs are not relying on a federal law as an element of their cause of action, they are relying in part on state laws similar to or that incorporate federal law that has been held insufficient to create a private federal cause of action.

Under stringent testing requirements, the resulting determinations of lack of a substantial federal issue have resulted in the denial of federal jurisdiction by many lower courts. *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 673 (E.D. La. 2007) (remanding case to state court and holding that federal standards violated did not provide a private cause of action, only relevant as evidence of negligence). *Utah v. Eli Lilly and Co.*, 509 F. Supp. 2d 1016, 1024 (D. Utah 2007) (without a federal cause of action or a clear signal from Congress of its intent for

11

Motion to Remand to State Court

federal courts to exercise its jurisdiction, federal jurisdiction is lacking). Here the lack of a substantial federal issue makes remand appropriate.

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

## IV. SUMMARY OF GROUNDS FOR REMAND.

### A. Procedural Grounds.

#### 1. The "Well-Pleaded Complaint" Rule Should End This Inquiry.

Federal district courts have original jurisdiction over actions "arising under" the laws of the United States. Title 28 U.S.C. § 1331. Whether a case arises under the laws of the United States is determined from the plaintiffs' complaint, **unaided by statements alleged in anticipation of defenses that the defendant may raise**. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

The well-pleaded complaint rule is satisfied when the complaint reveals that "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Plaintiffs are the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." Id.; see *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir.2001).

As summarized in Wright and Miller's Federal Practice and Procedure:

> The federal claim or right that provides the predicate for removal to federal court must not be asserted as part of an issue that is merely collateral or incidental to a claim that is primarily based in state law, nor can the federal question appear for the first time in the defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by the defendant.
> 14B Federal Practice and Procedure § 3722 (footnotes omitted).

Motion to Remand to State Court

Thus, a defense which implicates a federal question is not considered part of plaintiffs' properly pleaded complaint. See *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Warner Bros. Records, Inc. v. R.A. Ridges Distrib. Co. Inc.*, 475 F.2d 262, 262 (10th Cir.1973). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit (here, not the case) that the defense is the only question truly at issue in the case." *Franchise Tax Board*, 463 U.S. at 14, 103 S.Ct. at 2847; see also *Garley*, 236 F.3d at 1207. Where a claim is amenable to establishment without reference to questions of federal law, no federal jurisdiction exists. *Nielsen v. Archdiocese of Denver*, 413 F.Supp.2d 1181, 1184 (D. Colo. 2006). Put very simply, a state law claim that implicates no federal issues on its face, does not create federal jurisdiction. Id. at 1187.

As explained below, nothing in Plaintiffs' Complaint or the claims articulated therein implicates the written federal laws. To whatever extent Defendants' objections could even remotely be deemed to raise a question of federal law, it was an issue raised in response as a defense. The mere raising of a federal issue as a defense is not enough to overcome the well-pleaded complaint rule and cannot satisfy the criteria necessary for federal removal jurisdiction to exist.

### 2. Removal Requires Unanimity Among Defendants.

Under 28 U.S.C. § 1446, all proper defendants must join or consent to the removal notice. *Prize Frize v Matrix, Inc. supra,* 167 F.3d at 1266; *Emrich v Touche Ross & Co., supra*, 846 F.2d at 1192; *Parrino v FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1988). Proper defendants are those who are not "nominal" or "fraudulently joined." A defendant must file a notice of removal in the appropriate federal district court within thirty days after service of the Complaint or after otherwise receiving a copy of the Complaint after legal service.[3] 28 U.S.C.

---

[3] *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) at p. 347-348, holds:

§§ 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 347 (1999). (But see, *City and County of San Francisco v. Manning*, 2000 U.S. Dist. LEXIS 13544, pp. 8-9 (N.D. Cal. September 7, 2000)

The procedural requirements for removal under 28 U.S.C. § 1446 are strictly enforced. These requirements include, inter alia, the unanimity requirement of joinder by all defendants, and the signature requirement created by express incorporation into § 1446 of FRCP 11. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively and unanimously to remove the case. See, e.g. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties. 28 U.S.C. § 1446(b)"). In *Hewitt,* this meant that both the police officer and his former employer, The City of Stanton, had to be named. Counsel's argument that the City was just a nominal party was rejected and CR 11 sanctions were upheld.

In *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 641-647 (D. Miss., 2001), the court held that expiration of the 30-day period was fatal to the defendants' attempt to amend the notice of removal where, as here, there was not clearly expressed authority by the parties that the attorney for one could represent the other. The *Smith* court undertook a comprehensive and well-reasoned examination of the strict procedural requirements of unanimous joinder, which requirements include an unambiguous manifestation of consent by an authorized representative of each and every party. The incorporation of CR 11 into the removal statute emphasizes the requirement that **each party** be bound by its counsel of record. The full inclusion of the Smith court's analysis is too lengthy and the deletion of the rich body of supporting authority has been necessary, but key language provides:

---

"We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."

14

Motion to Remand to State Court

"As a general rule, all defendants must join in a removal petition in order to effect removal. ... [T]he case law firmly establishes this requirement, which is known as the "rule of unanimity." Although it is not necessary that all defendants sign the notice of removal, **each defendant who has been served must at least communicate their consent** to the court no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988)....

[T]he reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 USC § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney. *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992)] Fed.R.Civ.P. 11.

The Fifth Circuit Court of Appeals has held that there must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and **with the legal authority to do so**, that he/she has actually consented to removal. *Getty Oil*, 841 F.2d at 1262 n. 11. ....

"[T]he mere assertion in a removal petition that all defendants consent to removal **fails to constitute a sufficient joinder**." *Production Stamping*, 829 F.Supp. at 1076. In *Production Stamping*, there was no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue. In granting the plaintiff's motion to remand, the court noted that requiring each defendant to formally and explicitly consent to removal is sound policy, and prevents one defendant from choosing a forum for all. *Production Stamping*, 829 F.Supp. at 1076 [Citation omitted].... "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." *Creekmore*, 797 F.Supp. at 509. One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court. Id., at n. 9. Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.... Id. at 1077. Furthermore, Fed.R.Civ.P. 11 does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. *Creekmore*, 797 F.Supp. at 508. ....

**The error here is substantive, not merely mechanical.** United's failure to join in or consent to removal renders the Notice of Removal procedurally defective. Union National's Notice of Removal does not constitute an independent and unambiguous joinder or consent by United. Having failed to communicate its joinder or consent to the Court during the 30-day period, United cannot now show the Court that it authorized its attorney to file a joinder on its behalf. ....

15

Motion to Remand to State Court

As the district court in *Production Stamping v. Maryland Casualty Co.*, 829 F.Supp. 1074 (E.D.Wis.1993)], held:

> [T]he view that technical flaws in a removal petition "can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can--and should--be invoked." [Citation omitted.] These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural. *Production Stamping*, 829 F.Supp. at 1077-78.

(emphasis added)

In *Baker v. Ford Motor Company*,[4] 1997 WL 88260 (N.D.Miss.1997), counsel for one defendant, Grumman Allied Industries, removed to federal court and Ford filed a joinder four days after the deadline. Grumman's notice of removal, however, contained the statement that Ford, through its counsel, was joining in the removal. In opposing a motion to remand, Ford's counsel filed an affidavit stating that "he authorized Grumman's counsel 'to include affiant's name in the Notice of Removal and to bind Ford Motor Company in the Notice of Removal." The affidavit further stated that the separate joinder was a "'redundant formality ... to confirm the already-established fact that [Ford] joined in the Notice of Removal filed December 3, 1996.' "Id. at *1. The argument was rejected:

> The notice of removal does not state that Grumman was authorized to represent that Ford had consented to the removal, and no document was filed at the time of removal or within the prescribed 30-day period showing that the representation in the notice of removal was even authorized. ....The court noted that Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another."

*Baker v. Ford Motor Company*, 1997 WL 88260 (N.D.Miss.1997) as quoted in *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 641-647 (D. Miss., 2001). See also *Sims v. Ward*, 2001 WL 1104636 (E.D. La. 2001) (Following the expiration of the 30-day period for removal, the defendants filed a joint motion for leave to amend the notice of removal, claiming that the original notice inadvertently failed to allege that the Department had consented to removal through its attorney; the court held that expiration of the 30-day period was fatal to the attempt to amend the notice of removal.)

---

[4] Baker was extensively quoted by Smith, a published opinion, and all references to Baker are derived from that published opinion.

16

Motion to Remand to State Court

No "Notice of Removal" or "Joinder to Removal Action" has been received from, or was filed with the court by, defendants William P. Barr, Ryan S. Watson, Nancy K Phillips, R. A. Mitchell, Wanda I. Manley, Joan Flach or Joan Flack, and Robert J. Shelby. Additionally, none of their signatures appear on any of the documents filed with the Court in this Removal Action filed by the United States Justice Department on behalf of the named individual defendants.

### 3. Failure to Demonstrate Standing to Represent.

While the United States Justice Department purports within its *Notice of Removal* to be acting on behalf of all the named defendants, it cites no law, alleges no circumstances, and presents no evidence or argument under which it could be recognized **that the Justice Department is actually authorized to represent or act on behalf of the named defendants** in this matter.

Title 28 Code of Federal Regulations (C.F.R.) Section 50.15 controls.  It plainly and clearly states:

> **"TITLE 28 - JUDICIAL ADMINISTRATION**
> **CHAPTER I - DEPARTMENT OF JUSTICE**
> **PART 50 - STATEMENTS OF POLICY**
>
> **28 CFR 50.15 - Representation of Federal officials and employees by Department of Justice attorneys or by private counsel furnished by the Department in civil, criminal, and congressional proceedings in which Federal employees are sued, subpoenaed, or charged in their individual capacities**
>
> (a) Under the procedures set forth below, a federal employee (hereby defined to include present and former Federal officials and employees) may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, not covered by 15.1 of this chapter, **when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment** and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States...**"

Motion to Remand to State Court

The **unlawful forging of signatures** on federal lien instruments in the Utah state land records offices, just one of the elements of the **fraud** accusations made in this instant matter, cannot possibly be shown by the Defendants to be an activity that "*reasonably appear(s) to have been performed within the scope of the employee's employment*".

The *invention* of an alleged *subject-matter jurisdiction* that is not actually constitutionally granted, or made enforceable, cannot possibly be shown by the Defendants to be an activity that "*reasonably appear(s) to have been performed within the scope of the employee's employment*".

Further, Section 50.15(a) goes on to establish the absolutely minimal procedures required by the accused employee to secure representation by the Justice Department.

> "(See USAM 4-13.000) (1) When an employee believes he is entitled to representation by the Department of Justice in a proceeding, he must submit forthwith a written request for that representation, together with all process and pleadings served upon him, to his immediate supervisor or whomever is designated by the head of his department or agency. Unless the employee's employing federal agency concludes that representation is clearly unwarranted, it shall submit, in a timely manner, to the Civil Division or other appropriate litigating division (Antitrust, Civil Rights, Criminal, Land and Natural Resources or the Tax Division), a statement containing its findings as to whether the employee was acting within the scope of his employment and its recommendation for or against providing representation. The statement should be accompanied by all available factual information. In emergency situations the litigating division may initiate conditional representation after a telephone request from the appropriate official of the employing agency. In such cases, the written request and appropriate documentation must be subsequently provided.
>
> (2) Upon receipt of the individual's request for counsel, the litigating division shall determine whether the employee's actions reasonably appear to have been performed within the scope of his employment and whether providing representation would be in the interest of the United States. In circumstances where considerations of professional ethics prohibit direct review of the facts by attorneys of the litigating division (e.g. because of the possible existence of inter-defendant conflicts) the litigating division may delegate the fact-finding aspects of this function to other components of the Department or to a private attorney at federal expenses.
>
> (3) Attorneys employed by any component of the Department of Justice who participate in any process utilized for the purpose of determining whether the

18

Motion to Remand to State Court

Department should provide representation to a federal employee, undertake a full and traditional attorney-client relationship with the employee with respect to application of the attorney-client privilege. If representation is authorized, Justice Department attorneys who represent an employee under this section also undertake a full and traditional attorney-client relationship with the employee with respect to the attorney-client privilege. Any adverse information communicated by the client-employee to an attorney during the course of such attorney-client relationship shall not be disclosed to anyone, either inside or outside the Department, other than attorneys responsible for representation of the employee, unless such disclosure is authorized by the employee. Such adverse information shall continue to be fully protected whether or not representation is provided, and even though representation may be denied or discontinued. The extent, if any, to which attorneys employed by an agency other than the Department of Justice undertake a full and traditional attorney-client relationship with the employee with respect to the attorney-client privilege, either for purposes of determining whether representation should be provided or to assist Justice Department attorneys in representing the employee, shall be determined by the agency employing the attorneys."

Despite being served with all papers filed in this action, there is no submission of any evidence, or the filing of any papers by the Justice Department in this matter, indicating that any employee request for representation, transmission of records, or departmental review or determination, by either its own attorneys or any private attorneys, ever occurred as herein specified as first necessary before representation may be lawfully provided to the accused federal employees.   Therefore, legal standing of the United States to represent or defend the individually named defendants in the federal district court is lacking.

Defendants were all served with a copy of the papers filed in this action.  All the named defendants were served with the filed papers in this action by certified U.S. mail.

## 4. Removal was Improperly and Not Fully Executed under FRCP 11.

Federal Rules Civil Procedure, Rule 11 expressly requires the original signature of the "attorney of record." Under the controlling authority cited above, defendants' Notice of Removal is defective as a matter of law.   There is neither any evidence of unequivocal election of removal jurisdiction by the defendant parties, nor even from any person purporting

Motion to Remand to State Court

to act on their behalf with a lawfully established authority to do so, in the record during the relevant time period.

The Notice of Removal contains a mere assertion that the appearance is on behalf of all defendants, without presenting evidence of authority – which has been held in *Production Stamping*, supra, 829 F.Supp. at 1076, to be legally insufficient. Here, just as in *Production Stamping*, there has been no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendants to speak on their behalf on the removal issue. As in *Smith, Sims, Baker*, all cited supra, it is too late now to file such an affidavit.

Federal Rule of Civil Procedure 11 is specifically jurisdictional here because it is incorporated into 28 USC § 1446. "[Every paper signed by] a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, ... each paper shall state the signer's address and telephone number, if any." FRCP 11.

The *Notice of Removal* may be signed by a DOJ attorney, (plaintiffs' copy is not) but nowhere does it claim that the execution is "pursuant to authorization" to represent the individual federal employee. No affidavit of authority to support such a claim is submitted.

### 4. A Federal Defense Does Not Create Federal Question Jurisdiction.

The courts have long held that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); see also *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, (1908).

A defense is not part of a plaintiffs' properly pleaded statement of his or her claim. See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, (1987); *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112, (1936). Thus, "a case may not be removed to federal court on

20

the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 14, (1983).

Allied as an "independent corollary" to the well-pleaded complaint rule, is the further principle that: "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. Of Cal., supra,* 463 U.S. at 22. The "artful pleading" doctrine allows removal where federal law *completely preempts* a plaintiff's state-law claim. See *Metropolitan Life Ins. Co., supra,* 481 U.S. at 65-66; *Avco Corp. v. Machinists,* 390 U.S. 557, 560, (1968) Although federal preemption is ordinarily a defense, "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams, supra,* 482 U.S. at 393.

Plaintiffs' complaint raises only well established state law provisions and it cannot plausibly be construed as artful pleading that omits any necessary federal question related to plaintiffs' state law claims. Federal law often expressly denies preemption of state common law or statutory claims (see Title 47 U.S.C. § 414: "Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.")

No mention of federal law, specifically Title 28 U.S.C. § 2410 was made in the Plaintiffs' *Complaint*, which was made entirely under Constitutional and State law, and the federal government cannot itself insert that Federal code section into the Complaint in order to now engineer a federal defense upon which to base its *Notice of Removal.*

However, Title 28 U.S.C. § 2410 does appear to support Plaintiffs' filing in the State court of Utah. It states:

Motion to Remand to State Court

**§ 2410. Actions affecting property on which United States has lien**

**(a)** Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, **or in any State court having jurisdiction of the subject matter - ...**

Only the State Courts of Utah possess a true, proper legal jurisdiction over the land records of the State of Utah that are maintained in the land records offices of the courthouses in the counties of the State of Utah, under **those** Courts' lawful, **exclusive, *original jurisdiction*** and constitutional authority over all land in the state of Utah. By this code Section, Plaintiffs are entitled to sue in the State Courts of Utah for the commission of fraud, computer fraud, and forgery committed within the land records of the State of Utah by the defendants.

## B. Lack of Subject Matter Jurisdiction.

In the complaint filed in State court for forgery, there is no federal claim alleged. There is no "basic" and "necessary" or "direct and essential" federal claim what-so-ever. *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 81 L. Ed. 70, 57 S.Ct. 96 (1936); *Smith v. Grimm*, 534 F.2d 1346 at 1346, 1350-51 (9th Cir. 1976). As previously noted, it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1044-1045 (9th Cir. 2003):

The gravamen of Plaintiffs' claim lies in state Law. Defendants ought not to be permitted to claim now that federal claims predominate or are central to this case. In fact, as will be seen, Plaintiffs took care to avoid any federal questions in the Complaint and the only basis for federal jurisdiction is speculative and attenuated and without foundation in the written federal law under the Constitution of the United States.

22

Motion to Remand to State Court

### 1. Federal Question Jurisdiction Does Not Arise Under a Complaint for Forgery Within State Land Records.

Plaintiffs' Complaint is based on a simple allegation of fraud, computer fraud, and forgery committed by the named defendants within the land records of the State of Utah maintained in the Country land records office of Utah County, through the unauthorized use by the named defendants of the *forged* digital image signatures of yet other third-party *persons* (without their permission or knowledge that their signatures were being used to take property from the Plaintiffs), on "Notices of Federal Tax Liens" filed in the Utah County land records offices, which are now being used as the alleged basis for the federal attempt to seize real property in the state of Utah under *color of law* and *color of office*, in the *name of tax* only.

Federal District Courts have no jurisdiction, *territorial* or *subject-matter*, over the land records maintained within the State land records recording offices located in the country courthouses of the State.  State law controls all matters concerning the State's own land records and the conduct of its administrative officers and staff within those offices.

State law, in the form of the Uniform Federal Lien Registration Act, adopted and codified into the State Code, controls the signature and certification requirements for federal lien instruments filed by the employees of the United States' I.R.S. in the country courthouses of the State.  The State of Utah is fully capable of testing and upholding its own laws in regards to its own land records and proceedings addressing such.

The plaintiffs, as "master of the complaint" have chosen to have the cause heard in State court by eschewing claims and actions possible based on federal law.   On the face of the Complaint there is no federal question raised.

### 2. Federal Question Jurisdiction Does Not Arise By Mere Reference to a Federal Statute under a State Law Claim

Motion to Remand to State Court

Merely referencing a federal statute is not sufficient to establish federal jurisdiction. *Rains v. Criterion Systems Inc.*, 80 F.3d 339, 344 (9th Cir.1996) (in wrongful termination action, direct and indirect references to Title VII were not sufficient to establish federal jurisdiction). In *Greene v. General Motors*, 261 F.Supp.2d 414 (2003) reference to a federal statute [Magnuson Moss Warranty Act] as establishing a standard of conduct did not create a federal claim and the case was remanded.

Federal question jurisdiction does not arise when a state court plaintiff alleges that a federal statute provides a standard of care or conduct, or otherwise refers to federal authority as evidence that a defendant violated state law. See, e.g., *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("the fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action").

In *Kravitz v. Homeowners Warranty Corp.*, 542 F. Supp. 317, 319-20 (E.D. Pa. 1982), plaintiff homeowners contended that the defendant's failure to comply with Magnuson-Moss warranty standards entitled them to contract rescission under state law, the court held that the plaintiffs' cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret the Magnuson-Moss" warranty standards, finding little justification for assertion of federal question jurisdiction.

### 3. The Federal Courts Should Decline Jurisdiction Where, as Here, the Issues Present Simple Issues of State Law.

Title 28 U.S.C. §1367 instantiates the federal judicial policy that a district court decline to exercise supplemental jurisdiction over cases which present novel and complex, issues of State law; where the State law claims predominate over those over which the district court might have a related original jurisdiction. This case involves only the Utah State land records

Motion to Remand to State Court

and its land records offices and, ultimately, by certification or otherwise, ought properly to be considered and settled by the Utah State courts.

The Defendants have failed their legal burden to demonstrate and prove that any federal jurisdiction or *subject-matter jurisdiction* exists in this matter over the land records of the State of Utah. There is an insufficient demonstration of jurisdiction on the written record of this case, to base a Removal of this case on, to remove it from the state Court and to the federal district courts.

### 4. Federal Jurisdiction Will Disturb Balance of Federal and State Judicial Responsibilities

In *Singh*, the Fifth Circuit found the underlying claim in a legal malpractice suit an insufficient reason to upset the balance between federal and state courts. 538 F.3d 334, 338. The court concluded that federal jurisdiction in that case would open the door to a "substantial usurpation of state authority." *Id.* In *Pennsylvania v. Eli Lilly & Co. Inc*, 511 F. Supp. 2d 576, 585 (E.D Pa. 2007), the court found no federal jurisdiction even though a federal standard was used in a state law cause of action regarding a federally created program:

> The exercise of federal jurisdiction, however, would upset the balance between state and federal courts because it would, in direct contravention of *Merrell Dow* and *Grable*, open the federal courthouse to any number of state law causes of actions that invoke a federal standard or stand against the backdrop of a federal regulatory scheme. Where such claims are fact-specific and wholly based on state law, federal jurisdiction will neither further national uniformity, nor ensure the correct precedential interpretation of federal law. Rather, the federal court would be engaged primarily in the interpretation and application of state law, a task better left to the state courts, particularly where there is no indication that Congress intended to confer federal court jurisdiction. Moreover, any interest the federal government may have in a federal forum must be balanced with the Commonwealth of Pennsylvania's interest in developing its [own] law.

*Id.* at 586-87. *See also*, *Evans v. Courtesy Chevrolet II, LP*, 423 F. Supp. 2d 669 (S.D. Tex. 2006) (although Texas Finance Code imposed federal Truth in Lending Act requirements, the

Motion to Remand to State Court

court held no federal jurisdiction existed since Congress did not intend such cases to be litigated in federal court; conferring jurisdiction would alter balance of state and federal judicial responsibilities); *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007) (exercising federal jurisdiction over all aviation cases would upset the balance between state and federal courts and contravene a conscious legislative choice); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007) (exercising federal jurisdiction in the interpretation of a particular federal tax code provision would open the door to federal courts wider than Congress appears to have intended).

Despite the involvement of federal filings and the administrative requirements that accompany those filings, the laws alleged to have been violated by the Defendants are state laws. Utah has adopted its own legislative standards and statutes controlling its own land records, which statutes alone, Plaintiffs seek to enforce. Additionally, and important to the balance of federal and state jurisdiction, Plaintiffs seek remedies only available under state law.

## V. CONCLUSION.

The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Defendant bears the burden of proving that removal is appropriate, and has utterly failed to meet his burden. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Without a disputed, substantial federal issue, the resolution of which is necessary to resolve the state law claim, federal jurisdiction is absent. Without federal question jurisdiction, this case should be remanded to state court.

The court should properly refrain from ruling on any substantive motions in the case until the threshold issue of the plain and clear **lack** of any federal court *subject-matter* jurisdiction that can be conferred under the 16th Amendment alone, is resolved. There is an irrefutable lack of any *enabling enforcement clause* in the 16th Amendment that could *constitutionally* authorize

26

Motion to Remand to State Court

the Congress to write law with respect and application to the enforcement of any new or *direct* and *unapportioned* taxing power(s) allegedly created under the Amendment,  and therefore there is no *subject-matter jurisdiction* of the federal district court that can be taken over the action by the court, without the use of the *indirect* Article I, Section 8, taxing powers that are granted to tax by *impost, duty* and *excise,* - **which taxing powers have never reached the Plaintiffs' earnings** or *income* as a <u>measurement</u> of such *indirect* ***impost, duty*** or ***excise*** tax.

Because this Court lacks *subject-matter jurisdiction* over the land records of the State of Utah, and because Defendants failed their legal burden to demonstrate and establish the jurisdiction of the federal district court over this dispute Plaintiffs respectfully seek remand under 28 U.S.C. § 1447(c).   Federal jurisdiction does not exist, neither *territorial* nor *subject-matter*, and the Plaintiffs based their claims entirely on Utah State Constitution and law, and the elements of the United States Constitution that bind all of the state judges in Utah to an adherence to the Constitution of the United States, and its *limitations* of authority, as well. Plaintiffs' Motion for Remand ought to be granted: the procedural defects justify remand; the absence of federal law to control the claims justifies remand.

Sworn under penalty of perjury under the laws of the United States of America and the great State of Utah, and respectfully submitted by:

by: _Paul Kenneth: Cromar_          _Barbara Ann: Cromar_
Paul Kenneth: Cromar               Barbara Ann: Cromar
9870 N. Meadows Dr.                9870 N. Meadows Dr.
Cedar Hills, UT  84062             Cedar Hills, UT  84062

Apr 24th, 2019

27

Motion to Remand to State Court

## CERTIFICATE OF SERVICE

I, Paul Kenneth: Cromar certify that a true copy of the attached *Motion* has been served via standard United States Postal Service to the following:

Solicitor General
U.S. Department of Justice
950 Pennsylvania Ave. NW - Rm 5614
Washington, D.C. 20530-0001

Attorney General William P. Barr
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Ryan S. Watson, Trial Attorney
U.S. Department of Justice / Tax Division
Ben Franklin Station / P.O. Box 683
Washington, DC.20044-0683

Nancy K Phillips /Revenue Officer 26-10-4636
  and   R. A. Mitchell
178 S. Rio Grande
Salt Lake City, UT 84101

Wanda I. Manley, and
  Joan Flach or Joan Flack?
1999 Broadway
Denver, CO 80202-3025

Robert J. Shelby
351 South West Temple
Salt Lake City, UT 84101

John W. Huber US Attorney (#7226)
John K. Mangum, Asst. US Attny (#2072)
111 South Main Street, #1800
Salt Lake City, Utah  84111

by _____
Paul Kenneth: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062

April 24th, 2019